UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Z'AMORION ROBERTSON | CIVIL ACTION |
| VERSUS | NO. 23-2681 |
| KAWASHO FOOD USA, INC., ET AL. | SECTION: "J"(1) |

### REPORT AND RECOMMENDATION

Plaintiff, Z'Amorion Robertson, a state inmate, forwarded this Court a document complaining that he broke a tooth on a rock inside a package of sardines he purchased from the Terrebonne Parish Jail Commissary.[1] After receiving that document, the Clerk of Court issued a Notice of Deficient Filing instructing plaintiff to resubmit his deficient pleading on an approved complaint form and either pay the filing fee or submit an application to proceed as a pauper.[2] When plaintiff then returned the required documents, the Clerk of Court mistakenly opened another case, docketed as Civil Action No. 23-3398 "R"(2), and filed those documents in that new case. After realizing that plaintiff intended the documents as a response to the Notice of Deficient Filing in this case, United States District Judge Sarah Vance dismissed the new case without prejudice and ordered that the documents be filed into the instant case as plaintiff had intended. Once the documents were filed into this case as a corrected Complaint[3] and a pauper application,[4] pauper status was granted.[5]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 3.
[3] Rec. Doc. 4.
[4] Rec. Doc. 5.
[5] Rec. Doc. 6.

Now that plaintiff's pleadings have been corrected, the Court must determine whether it has jurisdiction over this dispute. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. … [S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Where, as here, a plaintiff seeks to invoke the jurisdiction of a federal court, he bears the burden to prove that such jurisdiction in fact exists. See, e.g., Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1, 665 F.2d 594, 595 (5th Cir. 1982) ("[T]he party claiming federal subject matter jurisdiction bears the burden of proving it."). For the following reasons, the undersigned finds that plaintiff has not established that federal subject-matter jurisdiction exists in this case.

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." Epps, 665 F.2d at 595 (quotation marks omitted). Specifically, unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States ("federal question" jurisdiction); and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs ("diversity" jurisdiction). See 28 U.S.C. §§ 1331 & 1332(a)(1). Plaintiff has not established that either type of jurisdiction exists here.

Because plaintiff is an inmate and because he initially appeared to be suing the jail commissary, the Clerk of Court assumed that plaintiff was attempting to file a civil rights action pursuant to 42 U.S.C. § 1983 and, therefore, sent him the Court's § 1983 complaint form. Plaintiff dutifully completed and returned that form, although it is unclear whether he did so because he in fact intended this as a § 1983 action or simply because that was the form the Clerk sent him.

However, if plaintiff intended this as a § 1983 action, his claim is not actionable under that statute. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, no violation of a federal right has been alleged. As noted, plaintiff alleges in this case that he broke off a piece of a tooth when he bit into a rock contained in the package of sardines. However, even if that is true, allegations of that type do not state a constitutional claim. See, e.g., Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 (E.D. La. Dec. 4, 2008) ("[P]laintiff's claim that he was sold a candy bar containing glass is frivolous even if considered on the merits. A solitary serving of contaminated food to an inmate simply does not

3

give rise to liability under § 1983. … At most, plaintiff's claim is one for negligence and, therefore, is not cognizable pursuant to § 1983."); see also Brown v. Canteen, Inc., Civ. Action No. 09-cv-1549, 2009 WL 4506867, at *2 (W.D. La. Dec. 3, 2009) ("[S]everal courts have noted that occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion.").

Because plaintiff's claims are not cognizable under § 1983 for the foregoing reasons, and because no other federal cause of action is mentioned in the complaint, he has not established that federal question jurisdiction exists here.

Plaintiff likewise has not established that diversity jurisdiction exists in this case. "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003). Here, even if there is complete diversity of citizenship, which is unclear,[6] plaintiff has made no attempt to meet his burden to establish that the amount in controversy in this lawsuit (in which no specific amount of damages is alleged[7] and in which no actual injury is alleged other than a partially broken tooth for which plaintiff has requested medical treatment in the jail medical department[8]) exceeds $75,000. Therefore, plaintiff has not met his burden to show that the jurisdictional amount required for diversity jurisdiction is

---

[6] If plaintiff is suing only Kawasho Food USA, Inc., then the parties do appear to be diverse. However, plaintiff's initial pleading, although unclear, seemed to indicate that he also intended the jail commissary as a defendant, see Rec. Doc. 1, and his pauper application included "Terrebonne Parish Jail Commissary" as a defendant in the caption, see Rec. Doc. 5. If the jail commissary (or its operator) is intended as a defendant, it is unclear whether complete diversity exists. If the commissary is operated by a national corporation, as is true in some jails, then complete diversity would perhaps still exist. On the other hand, if it is operated by the parish sheriff, as is true in other jails, then complete diversity would not exist.
[7] See Rec. Doc. 4, p. 5.
[8] See Rec. Doc. 1, p. 1.

4

met. See Johnson v. Hartford Insurance, Civ. Action No. 09-2201, 2009 WL 1971152 (E.D. La. July 2, 2009) ("In cases originating in federal court, the plaintiff bears the burden of showing that the jurisdictional amount requirement is satisfied by his claim for relief."); see also Shah v. Vora, Civ. Action No. 09-1294, 2010 WL 1076244, at *1 n.2 (D.N.J. Mar. 23, 2010) ("Plaintiff has not plead [sic] diversity jurisdiction, as she has not stated a particular amount in controversy."); Grandoit v. Direct Merchants Bank, Civ. Action No. 08-11276, 2009 WL 10694170, at *2 (D. Mass. June 25, 2009) ("The absence of a 'proper allegation of the amount in controversy' is a fatal defect when pleading grounds for subject matter jurisdiction."); Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) ("[A] complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy."); 14AA Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3702 (4th ed. Apr. 2023 Update) ("[W]henever a jurisdictional amount must be satisfied for subject matter jurisdiction purposes, the plaintiff must allege compliance with the requirement properly or provide enough information in the complaint from which that may be inferred."); 15A Moore's Federal Practice - Civil § 102.107 (2023) ("A complaint is fatally defective if it fails to contain a proper allegation of the amount in controversy.").

Accordingly, for all of the foregoing reasons, the undersigned finds that plaintiff has not established that federal subject-matter jurisdiction exists in this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 6th day of September, 2023.

                                               **JANIS VAN MEERVELD**
                                               **UNITED STATES MAGISTRATE JUDGE**